IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALLACE MILLER, #B-26360 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 14-cv-00909-MJR |
| | ) |
| MADISON COUNTY JAIL, | ) |
| MADISON COUNTY SHERIFF, | ) |
| and CAPTAIN BUNT, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Wallace Miller, an inmate currently incarcerated at Graham Correctional Center ("Graham"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. During the night of December 15, 2013, while Plaintiff was in custody at the Madison County Jail, Plaintiff slipped and fell on water that had accumulated on the floor of his cell. (Doc. 1, p. 4). Plaintiff's claims against each Defendant are related to this incident and the medical treatment he received for a back injury resulting from the fall. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Upon review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the complaint for failure to state a claim.

**The Complaint**

On the morning of December 14, 2013, authorities at the Madison County Jail in Madison County, Illinois were notified of a leaky water pipe. (Doc. 1, p. 4).  Sometime in the early morning hours of December 15, 2013, Plaintiff, while getting up to use the toilet in his cell, slipped on a layer of water that had accumulated on his cell floor from a busted water pipe and fell on his back. *Id*.  Plaintiff pulled himself up onto his bed and waited until Officer Tom Schmidt came by to do a 30-minute check.  When Officer Schmidt arrived, Plaintiff explained that he had slipped and fallen and was in pain.  Officer Schmidt turned on his flashlight and observed that water was leaking through a light fixture on the ceiling. *Id*. at 5.  Officer Schmidt advised Plaintiff not to move, left the cell, and returned with his supervisor, Sgt. Steve Riding. *Id*.  Sgt Riding surveyed the situation and then retrieved a wheelchair for Plaintiff because Plaintiff reported that he was in severe pain. *Id*.  Plaintiff was taken to an attorney interview room where he remained for "the next several hours." *Id*.  At the time of the incident, no medical professionals were on site.  During that time, Sgt. Riding periodically checked in on Plaintiff and advised Plaintiff that he was trying to get authorization to have Plaintiff seen by a medical professional. However, Plaintiff ultimately did not see a medical provider until approximately 10 a.m. that morning. Plaintiff estimates that he sat in pain for eight hours. *Id*.

When Plaintiff was seen by a nurse, he asserts that she didn't examine him or recommend x-rays.  Instead, he was given pain pills for five days. *Id*.  After five days, Plaintiff was still in pain and, therefore, put in another request to see the nurse.  When Plaintiff saw the nurse on December 23, 2013, he requested additional pain medication.  The nurse spoke with the doctor and then gave Plaintiff an additional week's worth of pain medicine. *Id*.  The complaint does not state what further treatment, if any, Plaintiff sought after that point.  However, Plaintiff

contends that he remains in pain to this day. *Id*. In his prayer for relief, Plaintiff seeks $20,000,000.00 in damages.

**Discussion**

Plaintiff brings this action pursuant to 28 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff does not allege a violation of any specific federal law or right secured by the Constitution. Instead, he simply asserts that his rights have been violated by Defendants' negligence. Negligence is a tort action and is typically addressed under state law. Nonetheless, since Plaintiff has chosen to bring this action in federal court under § 1983, the Court will consider whether the conduct described in the complaint amounts to a deprivation of Plaintiff's rights under the Constitution or federal law.

**Count 1: Conditions of Confinement**

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citations and quotation marks omitted).

In order to proceed on an Eighth Amendment claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). First, the alleged condition or deprivation must be objectively serious. The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th

Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component is the intent with which the acts or practices constituting the alleged punishment or conditions are inflicted. *Jackson*, 955 F.2d at 22. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842.

In the present case, Plaintiff alleges that he slipped and fell in water that had accumulated on his cell floor from a busted water pipe that was leaking from the ceiling. The complaint states that there was a leaking pipe in the jail the day before and that officials were notified; it is unclear whether it was the same pipe or a different pipe, but for our purposes the answer is irrelevant. While it is extremely unfortunate that Plaintiff slipped in the water and was harmed by his fall, Plaintiff's allegations do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under § 1983. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face

of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane,* 959 F.2d 673, 677 (7th Cir.1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth,* 944 F.2d 344, 347 (7th Cir.1991). Courts have consistently held that slippery prison floors do not implicate the Constitution. *See Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir.1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Bell v. Ward,* 2004 WL 260284 (7th Cir.2004) (affirming the dismissal of a slip-and-fall claim on 1915A review because accumulation of water on prison floor did not present a risk of serious injury); *LeMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir.1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment"); *Carroll v. DeTella,* 255 F.3d 470, 472 (7th Cir.2001) ("[F]ailing to provide a maximally safe environment, one completely free from ... safety hazards, is not [a constitutional violation]."). At most, Plaintiff has shown that Defendants were negligent, but negligence alone is not enough to support a claim of deliberate indifference. *Daniels v. Williams,* 474 U.S. 327, 332 (1986); *Farmer v. Brennan,* 511 U.S. 825, 837, (1994). While relief in federal court is foreclosed to Plaintiff, a suit for negligence may be brought in state court. That being said, the Court takes no position on the merits or viability of such a claim.

**<u>Count 2: Deliberate Indifference to Serious Medical Needs</u>**

Plaintiff also asserts a vague complaint about the medical care he received following his fall. It appears that Plaintiff was unhappy about how long it took for him to be initially seen by a medical provider (8 hours), the treatment he received (pain medication), and the fact that he continues to be in pain.

To plead an Eighth Amendment medical needs claim, a complaint must allege two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *See Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006); *see also Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir.2011). The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). To establish that an official acted with deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Mere disagreement with a physician's chosen course for an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Moreover, the Eighth Amendment does not entitle prisoners to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

Although Plaintiff was not immediately seen by a medical provider, he was seen by a nurse the same morning the accident occurred. Moreover, he was given medication that same day to address his pain. When Plaintiff requested additional pain medicine, he received it. Nowhere in the complaint does Plaintiff suggest that he was ever denied treatment. The mere fact that Plaintiff continues to suffer pain does not, standing alone, support a claim of deliberate indifference to a serious medical need. "A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (internal citations and quotations omitted). Plaintiff has failed to plead sufficient facts in support of a claim for medical indifference. Therefore, this claim shall also be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice. Defendants **MADISON COUNTY JAIL**, **MADISON COUNTY SHERIFF**, and **CAPTAIN BUNT** are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for

leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 16, 2014**

                                                s/ MICHAEL J. REAGAN
                                                United States District Judge